UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTONIO ESPREE,

   Plaintiff,          Case No. 1:14-CV-1185

v.                Hon. Gordon J. Quist

SHERRY L. BURT, et al.,

   Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On February 8, 2016, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R) in which he recommended that the Court grant Defendant's motion for summary judgment. Plaintiff filed objections, which the Court has reviewed de novo. For the reasons that follow, the Court will overrule Plaintiff's objections and adopt the R & R.

### *Objections to the R & R*

Plaintiff's first argument relates to the Court's previous dismissal of Defendant Winger. The Court will treat this portion of Plaintiff's objections as a request to reconsider its previous decision. As the Court pointed out previously, Plaintiff has not alleged that Defendant Winger took any action that could be considered adverse. Contrary to Plaintiff's argument, Winger's completion of a security classification review does not constitute an adverse action. Accordingly, the Court concludes that its previous decision to dismiss the claims against Winger was correct.

Plaintiff objects to the magistrate judge's conclusion that Plaintiff's retaliation claim against Defendant Mack fails. A prisoner asserting a retaliation claim must demonstrate that "1) he engaged in protected conduct, 2) the defendant took an adverse action that would deter a person of ordinary

firmness from continuing to engage in that conduct, and 3) the adverse action was taken at least in part because of the exercise of the protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005). "Since prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct." *Id.* at 701. "As such, an alleged retaliatory transfer ordinarily 'should be characterized as de minimis and dismissed at the summary judgment stage.'" *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (quoting *Siggers-El*, 412 F.3d at 703). The Sixth Circuit has, however, "carved out an exception for cases in which foreseeable, negative consequences 'inextricably follow' from the transfer—such as the prisoner's loss of his high-paying job and reduced ability to meet with his lawyer." *Id.* (quoting *Siggers-El*, 412 F.3d at 701–02).

In this case, Plaintiff argues that he has suffered negative consequences from his transfer because he is farther away from his family and his attorney. In support of his argument, Plaintiff has filed an affidavit from his attorney. The affidavit states that the attorney's office is 313 miles from the facility where Plaintiff is currently housed, compared to 168 miles from the facility where Plaintiff was previously housed, and that it was "much easier" for the attorney to visit Plaintiff at his previous facility compared to his current facility.

Plaintiff has failed to demonstrate that this is the kind of "exceptional case[]," *id.*, in which a transfer constitutes an adverse action. Contrary to Plaintiff's argument, this case is not controlled by the Sixth Circuit's decision in *Siggers-El*. In that case, the plaintiff "suffered a number of foreseeable consequences that inhibited [his] ability to access the courts," including the loss of a high paying job he need to pay his attorney. *Siggers-El*, 412 F.3d at 702. In this case, however, there is no evidence that Plaintiff suffered foreseeable consequences that will inhibit his ability to access the courts. While his attorney may have to travel a greater distance to visit him, there is no

indication that will impact his representation. Accordingly, the Court concludes that Plaintiff has failed to demonstrate that he suffered an adverse action.

Because the Court concludes that Plaintiff has failed to demonstrate that he suffered an adverse action, and thus cannot make out a retaliation claim, it need not consider his other arguments related to Eleventh Amendment immunity and whether Plaintiff's transfer was related the prison facility's operational needs.

### *Appeal of Discovery Order*

Plaintiff has also filed an objection to an order issued by the magistrate judge denying certain discovery motions. The Court will treat Plaintiff's objection as an appeal of the magistrate judge's order subject to 28 U.S.C. § 626(b)(1)(A). The magistrate judge's order was not clearly erroneous or contrary to law, and, in light of this Court's conclusion that Plaintiff has not demonstrated that he suffered an adverse action, any discovery would be futile.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed February 12, 2016 (ECF No. 45), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 11) is **GRANTED**. Plaintiff's First Amendment claim is **DISMISSED with prejudice**. Plaintiff's state law claim is **dismissed without prejudice** pursuant to 28 U.S.C. § 1367.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the discovery order (ECF No. 47), which the Court treats as an appeal, is **DENIED**.

Dated: March 2, 2016                             /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE